UNITED STATES DISTRICT COURT
MASSACHUSETTS

2014 MAR -7 P 3: 11

PHILLIP BOURGEOIS
        Petitioner         PETITION FOR WRIT OF
                                            ERROR *CORAM NOBIS*:
V.                                   28 U.S.C 1651 (a);
                                            UNDER the "ALL WRITS ACT"

STATE of MASSACHUSETTS
        Respondent

NATURE OF THE ACTION

Pursuant to 28 U.S.C.1651 (a) Petitioner Phillip Bourgeois ("Petitioner" or "Mr. Bourgeois") herby petitions and moves for a writ of *coram nobis* to vacate Petitioners conviction to correct an error of the "most fundamental character" and prevent a manifest unjust from occurring.

1

BACKGROUND

1. On September 14, 2001, a Worcester County Grand Jury returned indictments charging the defendant with four counts of rape and abuse of a child under sixteen, five counts of indecent assault and battery on a child under fourteen and one count of disseminating matter harmful to minor. *Exhibit-1*

2. The case was tried before Walker, J. and a jury from June 18, 2002 through June 24, 2002 in the Worcester Superior Court. *Exhibit-2*

3. On June 21, 2002, Judge Walker granted the defendant's motion for a required finding of not guilty of the dissemination charge. *Exhibit-2*

4. On June 24, 2002, the jury convicted the defendant of one count of rape of a child and five counts of indecent assault and battery on a child, and acquitted him of three counts of rape of a child. *Exhibit-2*

5. On the same date, Judge Walker sentenced the defendant to eight to ten years in prison for the rape conviction, and to concurrent three to five year prison terms for the remaining convictions. *Exhibit-2*

6. On June 24, 2002, the defendant filed a notice of appeal from his convictions. *Exhibit-2*

7. On September 24, 2003 the defendant filed a motion for a new trial and a motion for discovery in the trial court. *Exhibit-2* (Grounds): The Commonwealth violated the defendant's constitutional right to due process when it failed to disclose

2

exculpatory evidence, Ineffective assistance of counsel, Counsels failure to investigate and present evidence relevant of an otherwise available ground of defense.

8. On June 29, 2004 the direct appeal was docketed in the Appeals Court and stayed pending the outcome of the motion for a new trial. *Exhibit-2*

9. On July 19, 2004, the defendant filed a supplemental memorandum of law in support of defendant's motion for new trial. *Exhibit-2* (Grounds): Counsel was ineffective for not objecting to the dismissal of the charge of dissemination harmful to a minor prior to trial under clear statutory language and then not asking for a curative instruction at trial.

10. On April 6, 2005, Judge Walker granted the defendant's motions for a new trial and for discovery. *Exhibit-2*

11. On May 6, 2005, the Commonwealth filed a notice of appeal from the allowance of the motion for a new trial and motion for discovery. *Exhibit-2*

12. On March 13, 2007, the Appeals Court reversed the order granting the defendant a new trial. *Exhibit-2*

13. On June 4, 2007 the defendant's application for further appellate review was denied. *Exhibit-22*

14. On September 14, 2007 the defendant files motion to stay or enlarge time to file brief and appendix. *Exhibit-2*

15. On September 18, 2007 the motion for stay of appellate proceedings was denied. The defendant was granted leave to proceed in the trial court on his motion for reconsideration. *Exhibit-2*

16. On November 19, 2007 the defendant's direct appeal, which had been stayed pending the outcome of the motion for new trial, was filed.

17. On May 5, 2008, the defendant files a motion for reconsideration of the portions of the motion for new trial which were originally denied by the trial court back in 2005. *Exhibit-2* (Grounds): Whether a motion for reconsideration for new trial should be allowed where the failure to hold a requested evidentiary hearing prevented the proper presentation of defendant's claims.

18. On October 9, 2008 the defendant's convictions were affirmed by the Appeals Court. *Exhibit-2*

19. On November 25, 2008 the defendant's application for further appellate review was denied. *Exhibit-15*

20. On March 1, 2010 the motion for reconsideration was denied. *Exhibit-2*

21. On March 9, 2010 the defendant appealed the denial. *Exhibit-2*

22. On January 21, 2011 the appeal of this denial was affirmed by the Appeals Court. *Exhibit-2*

23. On March 31, 2011 the defendant's application for further appellate review was denied. *Exhibit-3*

24. At this point, the clock starting running on the defendant's federal habeas petition under 28 U.S.C 2254

25. The defendant was then contacted by his appellate attorney in April of 2011 and informed that there was a constitutional

issue, his right to a public trial, which she was unaware of upon her representation of him and which had not been addressed in any post-conviction proceedings at that point. *Exhibit-10*

26. Having this issue brought to his attention, the defendant contacted CPCS, new counsel was appointed and on July 19, 2011 the defendant filed a motion for new trial asserting that his Sixth Amendment right to a public trial was violated. *Exhibit-2*

27. On October 26, 2011 the motion for new trial was denied without a hearing. *Exhibit-2*

28. On November 23, 2011 the defendant appealed this denial. *Exhibit-2*

29. On July 22, 2013 the appeal of this denial was affirmed by the Appeals Court. *Exhibit-2*

30. On August 1, 2013 the petitioner was released from custody

31. On September 11, 2013 the defendant's application for further appellate review was denied. *Exhibit-7*

## LEGAL STANDARD

The All Writs Act provides that Federal Courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law" 28 U.S.C 1651(a) Among other things, the All Writs Act fills "the interstices of the federal post-conviction remedial framework" and an individual may petition a district court to vacate a prior conviction under the All Writs Act where certain criteria are met.

In particular the First Circuit has recognized that petitions for *coram nobis* under the All Writs Act may provide relief for persons who have grounds to challenge the validity of their convictions but are not eligible for *habeas* relief under 28 U.S.C 2254 because they are not in custody. The coram nobis writ allows a court to vacate a conviction where the petitioner establishes that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; (4) the error is of a fundamental character.

1. **A MORE USUAL REMEDY IS NOT AVAILABLE BECAUSE MR. BOURGEOIS IS NO LONGER IN CUSTODY.**

Mr. Bourgeois is no longer in custody and has completed the prison sentence that was imposed. Mr. Bourgeois can no longer pursue 2254 *habeas* actions because he lacks the custody requirement.

2. **A VALID REASON EXISTS WHY MR. BOURGEOIS COULD NOT MAKE AN EARLIER CHALLENGE TO THE CONSTITUTIONALITY OF HIS CONVICTION.**

Mr. Bourgeois was pursuing all of his state remedies from June 2002 through March 31, 2011. In April of 2011 Mr. Bourgeois was

contacted by his appellate attorney concerning his constitutional right to public trial he immediately pursued his rights with due diligence filing a motion for new trial on July 19, 2011 that motion was finally resolved in the state court on September 11, 2013. Mr. Bourgeois was released from custody a month earlier August 1, 2013.

3. **MR.BOURGEOIS CONTINUES TO SUFFER ADVERSE CONSEQUENCES FROM HIS CONVICTION INCLUDING HIS ABILITY TO WORK IN HIS FIELD OF EXPERTISE THAT SATISFY THE CASE AND CONTROVERSY REQUIREMENT OF ARTICLE III.**

Mr. Bourgeois Graduated from Leominster High School in 1983. He then went to Mount Wachusett Community College while working a full time job. In 1986 he started at Pace wire and cable directly working with the engineering department on cable designs and the effect of chemical compounds on those designs. By 1989 he was promoted to Manufacturing Manager. In 1991 he became the Plant manager at Gitto/Global a chemical compound company. His responsibilities included all production lines, blending equipment, shipping, receiving, quality labs, sales and all production related employees totaling over 80. He designed and developed systems that deal with the transfer and production of chemical compounds effectively and cost efficiently. While part of the management team sales soared to over 100 million

dollars annually, during 1996 he became a certified ISO 9000/9001 inventory control expert. In 1997 he was hired as the plant manager for a startup company New Line Color his responsibilities included identifying and buying equipment, designing production lines and transfer stations that would enable the company to out produce competitors with 30% less machinery, consulting with potential customers daily. In 1999 He was hired by O'Tech Corporation as Vice President of Manufacturing. He restructured a struggling business into a thriving chemical compound company using his vast knowledge to redesign production lines buy and install new equipment, worked in conjunction with several federal agencies designing new state of the art dust collection systems that pushed the company to the forefront of the industry regarding employee exposure to hazardous chemicals. He represented the company dealing with customers' needs on a daily basis. As a direct result of this conviction and subsequent requirement of the sex offender registry board, Mr. Bourgeois has lost his ability to work in his trained field of expertise. This has created a financial hardship for his family as a direct consequence of his wrongful conviction. *Exhibit-4*

**4. The errors of this conviction are of a fundamental character. There are numerous fundamental rights involved:**

GROUND 1: Sixth Amendment – Failure to hold public trial
         Sixth Amendment – Ineffective Assistance on trial and Appellate counsel

The trial judge did not comply with any requirement protecting the defendant's constitutional right for public trial. The trial judge simply assumed that space would be an issue. The court stated clearly on the record that during jury selection for the sake of convenience the courtroom would be cleared. The appeals court concluded that the courtroom closure during jury selection was found to be temporary. A full closure during a full day of jury selection is hardly temporary. The appeals court also concluded that counsel made a tactical decision based on a lack of space and this decision was not manifestly unreasonable. Trial counsel's response "yes your honor" makes it apparent that counsel took this as an order, not in invitation by the court to determine space in the courtroom. Trial counsel could not have made an informed tactical decision on closure and space limitations when the court never held a hearing on that exact issue. If trial counsel had made a predetermined, tactical and strategic decision not to have friends and family in the courtroom he would have told them prior not to enter. It's clear that there was no informed, intelligent, deliberate, and strategic decision not to object. There were no costs here weighing in favor of a tactical non- objection. *(Exhibits 5-12)*

GROUND 2: Fourteenth Amendment – Due Process
         Sixth Amendment – Ineffective Assistance of Counsel

Counsel was ineffective for first not asking for the dismissal of the charge of decimation harmful to a minor prior to trail under clear statutory language and then not asking for curative instruction. The trial judge gave a required finding of not guilty after the close of all evidence. The court informed the parties that it was going to instruct the jury that count 10 is not to be considered as it had been resolved and that they are not to include that in their deliberations. The trial judge then during the jury charge instructed the jurors that count ten had been resolved and that they could use that evidence to

9

corroborate the victim's testimony of sexual assault and to support the other charges. This evidence heard had no corroborative value, was irrelevant and prejudicial. It allowed the commonwealth to use this illegitimate charge along with the evidence for clearly impermissible purposes. The appeals court ruled that since the defendant hadn't brought this issue forward in the original motion for new trail the defendant procedurally waived the claim. The appeals court has made a clear error this issue was brought forward in a supplement motion attached to the original motion for new trial. This ruling has effectively prevented the defendant his due process rights under the constitution. *(Exhibits 13-19)*

GROUND 3: Sixth Amendment – Ineffective Assistance of Counsel

The non-privileged material in the pediatric records (ADHD, ODD, PTSD, behavioral issues, suicidal gestures, psychiatric referral, questionable bipolar illness, chins petition, services Hebert Lipton Center) provided information that the records were both relevant and material. The Herbert Lipton Center would have led to an intake sheet that states the alleged victim was using drugs daily including ecstasy, acid, hallucinations and flashbacks. This time frame puts this drug usage prior to disclosure, during the time of the alleged abuse, and at the time of testimony. This fact was conceded by the commonwealth. The trial judge after a hearing allowed the motion for new trial. The appeals court substituted the trial courts findings and applied their own judgment stating that the records had no relevancy, were undiscoverable and therefore counsel could not be ineffective. This substituted judgment circumvented factual questions already resolved by the trail judge as a result improperly invaded the trial courts function to determine whether and to what extent, release of records would have been warranted under the circumstances. The commonwealth was also able to elicit pertinent trial testimony from the fresh witness and the father. *(Exhibits 20-29)*

## RELIEF SOUGHT

Petitioner respectfully request that the Court grant this petition and issue an order:

(i) Find that the defendant's constitutional rights have been violated and set aside his conviction or in the alternative order a new trial.

(ii) Granting such other and further relief as the Court may deem just, equitable and proper.

## CONCLUSION

For all of the above reasons, it is respectfully submitted that the Court has a rare opportunity to correct a miscarriage of justice, in as much; Mr. Bourgeois stands convicted of crimes after a fundamentally unfair trial. I respectfully ask the Court to vacate and set aside Mr. Bourgeois convictions or order a new trial.

RESPECTFULLY,

Phillip Bourgeois
PRO-SE

# **EXHIBITS**

1. Indictments
2. Docket Entry Sheet
3. Supreme Court Decision
4. Affidavits Employers, Resume

**GROUND 1**

5. Trial Court Decision
6. Appellate Court Decision
7. Supreme Court Decision
8. Trial Court Transcripts
9. Affidavits from Family and Friends
10. Affidavits, Defendant, Attorney Baccari, Attorney Greenhalgh
11. US v. Owens First Circuit Decision
12. US v. Owens District Court Remand Decision

**GROUND 2**

13. Trial Court Decision
14. Appellate Court Decision
15. Supreme Court Decision
16. Docket Entry Sheet
17. Trial Court Transcripts
18. Transcripts that Pertain no Corroborative Value
19. General Law 272, Section 28

**GROUND 3**

20. Trial Court Decision
21. Appellate Court Decision
22. Supreme Court Decision
23. General Law 233, Section 20B
24. Previous Appellate Court Decisions – RE: non – privilege
25. Records in Counsels Possession – Pediatric Records
26. Intake Sheet – Hallucinogenic Drug Usage
27. Defendants Reply memorandum for Stay of Sentence
28. Commonwealth Concedes to Statement of Facts
29. Pertinent Trial Testimony